Chancellor James
afterwards delivered the decree of the court:
The object of this bill was to obtain relief against a judgment obtained on a bond entered into by Robert Tate, William Tate, General Isaac Huger, Ephraim Mitchell and James Kennedy, payable to M’Cartan Campbell. The bill sets forth, that the said James Kennedy, was a surety for the said Robert Tate, and not a principal in the bond. It further states, that after the time fixed for the payment of the debt incurred, and expressed in the bond, the same being then unpaid, M’Cartan Campbell, the Obligee, contracted and agreed with the said Robert Tate, to accept and receive in satisfaction therefor, lands and negroes at a valuation; which agreement, it is stated, was reduced to writing, between James Tate, on behalf of the said Robert Tate, and William Jackson, as agent and acting attorney for M’Cartan Campbell. It is further stated that M’Cartan Campbell and his representatives suffered several years to elapse before he or they made *388 use of any measures to compel payment from Robert Tate. That he remained solvent a sufficient length of time aftex the bond became due, to have enforced the payment there** of from him. It is contended by the counsel for the complainant, that an extension of the time of payment, by the obligee of a bond, beyond that stipulated between the parties, at the time of its being entered into, without the consent and approbation of the sureties, will be considered as such laches as will discharge them therefrom. It is further contended, that the supposed agreement, entered intQ between William Jackson and James Tate, so far altered the nature of the original transaction, as to exonerate the sureties. The doctrine on ■which the, complainant’s counsel relied, having been adopted in some recent adjudication in the Court of Chancery in England, and recognized by a late decision of the Court of Equity, in this state, must now be considered as established; and of course would operate on this case, provided the testimony would admit of its being comprehended within the same principles. But the reverse is the case. The complainant introduced no evidence whatever, to prove he was a surety, and not a co-obligor; nor that William Jackson, the supposed agent of M’Cartan Campbell had any authority to act as such; nor was there any person whomsoever to prove that the extension of time given by M’Cartan Campbell to the obligors of the said bond, was contrary to the inclination and desire of the complainant.
It is therefore considered by the court, that the present case does not come within the description of cases relied on, and referred to ; and that the complainant is not entitled to the relief he claims in his bill. Wherefore it is ordered and decreed, that the same be dismissed with 'fSO?iSo